# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>            Plaintiff,<br><br>    v.<br><br>DOCTOR'S CHOICE MODESTO LLC, et al.,<br><br>            Defendants. | Case No.  1:21-cv-00690-AWI-SAB<br><br>ORDER REQUIRING PLAINTIFF TO FILE AN OPPOSITION OR A STATEMENT OF NON-OPPOSITION TO DEFENDANT'S APPLICATION FOR STAY AND EARLY EVALUATION CONFERENCE<br><br>(ECF No. 32) |

Plaintiff Darren Gilbert filed this action on April 23, 2021.  (ECF No. 1.)  On December 15, 2021, Plaintiff filed a motion for leave to amend that is currently set for hearing on January 12, 2022.  (See ECF Nos. 30, 31.)  On December 16, 2021, Defendant Amar Kumar filed an "Application Pursuant to Civil Code Section 55.54 for Stay and Early Evaluation Conference," which the Court construes as a motion to stay.  (ECF No. 32.)  No hearing date for this motion has been set.  Nor does the filing indicate whether Plaintiff opposes the motion, or whether Defendant attempted to meet and confer on the issue before filing the instant motion.  Indeed, the Court notes the entirety of Defendant's filing consists of a California state court form document, in which Defendant has merely checked the applicable boxes indicating "[t]he complaint was filed by, or on behalf of, a 'high-frequency litigant,' as defined in [California] Code of Civil

///

1 Procedure section 425.55(b),¹ asserting a construction-related accessibility claim, including, but
2 not limited to, a claim brought under [the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq.]"
3 and requesting the court to stay the proceedings related to the construction-related accessibility
4 claim and schedule an early evaluation conference.  (See ECF No. 32 ¶¶ 3, 4.)

5       The Court is skeptical that Plaintiff's motion to stay — to the extent it is based on state
6 court rules of procedure rather than the Federal Rules of Civil Procedure — can be granted,
7 though it does acknowledge a number of district courts in the Ninth Circuit have considered
8 these state procedural requirements in ADA cases similar to the instant matter as a basis for
9 declining to exert supplemental jurisdiction over the plaintiff's Unruh and other state law
10 claims.²  In any event, Plaintiff will be directed to file an opposition or statement of non-
11 opposition to Defendant's motion.  If an opposition is filed, a reply brief shall be filed in seven
12 (7) days after the opposition is filed.

13 ///
14 ///

---

¹ California Code of Civil Procedure § 425.55(b) defines a "high-frequency litigant" as a plaintiff or attorney who has filed 10 or more complaints alleging a construction-related accessibility violation that includes a claim under the Unruh Act within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation, and requires that "additional safeguards apply so as to ensure that the claims are warranted."  Of some note to the Court, the "additional safeguards" required of such "high-frequency litigants" include: identifying the number of complaints alleging a construction-related accessibility claim that the high-frequency litigant has filed during the last 12 months prior to the filing of the complaint; the reason the individual was in the geographic area of the defendant's business; the reason why the individual desired access to the defendant's business, including the specific commercial, business, personal, social leisure, recreational, or other purpose; the complaint must be verified; and the litigant must pay a $1,000 filing fee at the time of the filing of the initial complaint in addition to the standard filing fees. Cal. Code Civ. P. § 425.50; Cal. Gov't Code § 70616.5.  The legislature justified these additional requirements for "high-frequency litigants" on the express basis that "more than one-half . . . of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms. . . . Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation.  This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act . . . and the federal Americans with Disability Act of 1990."  Cal. Code Civ. P. § 425.55(a)(2).

² See, e.g., Whitaker v. Mac, 411 F. Supp. 3d 1108 (C.D. Cal. 2019) (denying defendant's motion to dismiss plaintiff's ADA claim but granting defendant's request to decline to exercise supplemental jurisdiction over plaintiff's Unruh claim); see also Langer v. Kiser, 516 F. Supp. 3d 1066 (S.D. Cal. 2021) (entering judgment in defendant's favor after bench trial on ADA claim, and declining to retain supplemental jurisdiction over plaintiff's Unruh claim based on compelling interests of comity and discouraging forum shopping); Marquez v. KBMS Hosp. Corp., 492 F. Supp. 3d 1058 (C.D. Cal. 2020) (following sua sponte order to show cause why court should not decline to exercise supplemental jurisdiction over plaintiff's Unruh claim, dismissing Unruh claim without prejudice to refiling in state court and retaining jurisdiction over ADA claim only).

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file an opposition or statement of non-opposition to Defendant's motion within **fourteen (14) days of the date of entry of this order and any reply seven (7) days thereafter.**

IT IS SO ORDERED.

Dated:  **December 20, 2021**

UNITED STATES MAGISTRATE JUDGE