# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>             Plaintiff,<br><br>     v.<br><br>DOCTOR'S CHOICE MODESTO LLC, et al.,<br><br>             Defendants. | Case No.  1:21-cv-00690-AWI-SAB<br><br>ORDER VACATING HEARING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND GRANTING UNOPPOSED MOTION FOR LEAVE TO AMEND<br><br>(ECF No. 30)<br><br>FIVE DAY DEADLINE |

Plaintiff Darren Gilbert filed this action on April 23, 2021.  (ECF No. 1.)  A scheduling order issued on October 5, 2021, setting the deadline to file any stipulations or motions for leave to amend for December 15, 2021.  (ECF No. 27.)  On December 15, 2021, Plaintiff filed a motion for leave to amend, and set the hearing for January 31, 2022.  (ECF No. 30.)  On December 16, 2021, the Court reset the hearing, and notified Defendants they may choose to file a statement of non-opposition to the motion, or file an opposition, at least fourteen (14) days prior to the hearing date.  L.R. 230(c).  (ECF No. 31.)  No opposition has been filed and the deadline to do so has expired.  Accordingly, the Court considers the motion to be unopposed.  L.R. 230(c).  Having considered the moving, opposition and reply papers, the Court finds this matter suitable for decision without oral argument.  See Local Rule 230(g).  Accordingly, the previously scheduled hearing set for January 12, 2022, will be vacated and the parties will not be required to appear at that time.

1       Twenty-one days after a responsive pleading or a motion to dismiss is filed, a party may
2  amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P.
3  15(a)(1)-(2). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice
4  so requires.' " Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir.
5  2006) (quoting Fed. R. Civ. P. 15(a)); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d
6  1048, 1052 (9th Cir. 2003) (noting leave should be granted with "extreme liberality") (quoting
7  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001)). Leave to amend
8  under Rule 15 is "within the sound discretion of the trial court," and "[i]n exercising this
9  discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on
10 the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977,
11 979 (9th Cir. 1981).

12      In determining whether to grant leave to amend, a court is to consider five factors: "(1)
13 bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5)
14 whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805,
15 808 (9th Cir. 2004). The factors are not weighed equally. "Futility of amendment can, by itself,
16 justify the denial of a motion for leave to amend." Bonin, 59 F.3d at 845. Undue delay, "by
17 itself . . . is insufficient to justify denying a motion to amend." Owens, 244 F.3d at 712
18 (quotation marks omitted) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).
19 "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."
20 Eminence Capital, 316 F.3d at 1052. The burden to demonstrate prejudice falls upon the party
21 opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).
22 "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a
23 *presumption* under Rule 15(a) in favor of granting leave to amend." Id.

24      Given Defendants have not submitted an opposition to the motion to amend, the Court
25 finds that granting Plaintiff's motion to amend would not prejudice Defendants. There is no
26 evidence the motion was brought in bad faith nor does it produce undue delay in the litigation.
27 See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999)
28 (explaining that where a motion to amend was made more than four months after the cutoff date,

"[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice."). Moreover, there is no reason to believe that the proposed amendment is futile. See SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (illustrating that an amendment is futile "only if it would clearly be subject to dismissal.").

Consequently, finding that none of the foregoing factors weigh against granting Plaintiff leave to amend, and Plaintiff's motion is unopposed, the Court finds leave to amend appropriate. See Austin v. W. Concrete Pumping, Inc., No. 17-CV-2363-AJB-MDD, 2018 WL 2684140, at *1 (S.D. Cal. June 5, 2018) (granting plaintiff's motion for leave to file an amended complaint after considering the motion and the defendants' non-opposition); Gonzales v. F/V Daniela, No. 11cv01066 AJB (JMA), 2013 WL 444626, at *1 (S.D. Cal. Feb. 4, 2013) (concluding that leave to amend was warranted in light of the defendants' non-opposition to the motion and reasonable explanation for the amendment).

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiff's motion to amend set for January 12, 2022, at 10:00 a.m. in Courtroom 9 is HEREBY VACATED;
2. Plaintiff's motion for leave to file a first amended complaint is GRANTED; and
3. Plaintiff shall file a first amended complaint within five (5) days of the date of entry of this order.

IT IS SO ORDERED.

Dated:  **January 6, 2022**

UNITED STATES MAGISTRATE JUDGE