# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOCTOR'S CHOICE MODESTO LLC, et al.,<br><br>　　　　Defendants. | Case No.  1:21-cv-00690-AWI-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION FOR STAY AND EARLY EVALUATION CONFERENCE<br><br>(ECF No. 32) |

　　　　Plaintiff Darren Gilbert filed this action on April 23, 2021.  (ECF No. 1.)  On December 16, 2021, Defendant Amar Kumar ("Defendant" or "Kumar") filed an "Application Pursuant to Civil Code Section 55.54 for Stay and Early Evaluation Conference," which the Court construes as a motion to stay.  (ECF No. 32.)  On December 20, 2021, the Court ordered Plaintiff to file an opposition or statement of non-opposition to the Defendant's filing within fourteen (14) days, and ordered any reply to be filed within seven (7) days of the filing of any opposition.  (ECF No. 33.)  On January 3, 2022, Plaintiff filed an opposition.  (ECF No. 34.)  Defendant did not file a reply.

　　　　The entirety of Defendant's filing consists of a California state court form document, in which Defendant has merely checked the applicable boxes indicating "[t]he complaint was filed by, or on behalf of, a 'high-frequency litigant,' as defined in [California] Code of Civil

1

Procedure section 425.55(b), asserting a construction-related accessibility claim, including, but not limited to, a claim brought under [the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq.]" and requesting the court to stay the proceedings related to the construction-related accessibility claim and schedule an early evaluation conference pursuant to California Civil Code § 55.54. (ECF No. 32 ¶¶ 3, 4.)

A "high frequency litigant" is a person "who utilizes court resources in actions arising from alleged construction-related access violations at such a high level that it is appropriate that additional safeguards apply so as to ensure that the claims are warranted." Cal. Civ. Proc. Code § 425.5(b). A "high frequency litigant" "means one or more of the following:

> (1) A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.
>
> (2) An attorney who has represented as attorney of record 10 or more high-frequency litigant plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation, excluding all of the following actions:
>
> (A) An action in which an early evaluation conference was held pursuant to Section 55.54 of the Civil Code.
>
> (B) An action in which judgment was entered in favor of the plaintiff.
>
> (C) An action in which the construction-related accessibility violations alleged in the complaint were remedied in whole or in part, or a favorable result was achieved, after the plaintiff filed a complaint or provided a demand letter, as defined in Section 55.3 of the Civil Code.

Cal. Civ. Proc. Code § 425.55(b)(1)-(2). An attorney employed or retained by a qualified legal services project or a qualified support center, as defined in Section 6213 of the California Business and Professions Code, when acting within the scope of employment to represent a client in asserting a construction-related accessibility claim, or the client in such a case, is exempted from the meaning of a "high frequency litigant." Cal. Civ. Proc. Code § 425.55(b)(3).

Of some note to the Court, the "additional safeguards" required of such "high-frequency litigants" include: identifying the number of complaints alleging a construction-related

1  accessibility claim that the high-frequency litigant has filed during the last 12 months prior to the
2  filing of the complaint; the reason the individual was in the geographic area of the defendant's
3  business; the reason why the individual desired access to the defendant's business, including the
4  specific commercial, business, personal, social leisure, recreational, or other purpose; the
5  complaint must be verified; and the litigant must pay a $1,000 filing fee at the time of the filing
6  of the initial complaint in addition to the standard filing fees. Cal. Code Civ. P. § 425.50; Cal.
7  Gov't Code § 70616.5; see also Johnson v. Morning Star Merced, LLC, No. 1:18-CV-0558 AWI
8  EPG, 2018 WL 4444961, at *5 (E.D. Cal. Sept. 14, 2018).  The legislature justified these
9  additional requirements for "high-frequency litigants" on the express basis that "more than one-
10 half . . . of all construction-related accessibility complaints filed between 2012 and 2014 were
11 filed by two law firms.  . . .  Moreover, these lawsuits are frequently filed against small
12 businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements
13 rather than correction of the accessibility violation.  This practice unfairly taints the reputation of
14 other innocent disabled consumers who are merely trying to go about their daily lives accessing
15 public accommodations as they are entitled to have full and equal access under the state's Unruh
16 Civil Rights Act . . . and the federal Americans with Disability Act of 1990." Cal. Code Civ. P.
17 § 425.55(a)(2).

18      A number of courts have found that these pleading requirements do not apply in federal
19 court, and have instead applied the Federal Rules of Civil Procedure.  Johnson, 2018 WL
20 4444961, at *5 (citations omitted).  However, the Court acknowledges a number of district courts
21 in the Ninth Circuit have considered these state procedural requirements in ADA cases similar to
22 the instant matter as a basis for declining to exert supplemental jurisdiction over the plaintiff's
23 Unruh and other state law claims.  See Whitaker v. Mac, 411 F. Supp. 3d 1108 (C.D. Cal. 2019)
24 (denying defendant's motion to dismiss plaintiff's ADA claim but granting defendant's request
25 to decline to exercise supplemental jurisdiction over plaintiff's Unruh claim); Langer v. Kiser,
26 516 F. Supp. 3d 1066 (S.D. Cal. 2021) (entering judgment in defendant's favor after bench trial
27 on ADA claim, and declining to retain supplemental jurisdiction over plaintiff's Unruh claim
28 based on compelling interests of comity and discouraging forum shopping); Marquez v. KBMS

1  Hosp. Corp., 492 F. Supp. 3d 1058 (C.D. Cal. 2020) (following sua sponte order to show cause
2  why court should not decline to exercise supplemental jurisdiction over plaintiff's Unruh claim,
3  dismissing Unruh claim without prejudice to refiling in state court and retaining jurisdiction over
4  ADA claim only).

5  In opposition, first, Plaintiff has submitted a declaration on behalf of himself, as well as a
6  declaration of counsel, attesting that neither would qualify as a high frequency litigant subject to
7  the additional requirements of California Code of Civil Procedure § 425.55(b), and thus a stay is
8  not justified. (Pl.'s Opp'n Mot. Stay ("Opp'n") 2, ECF No. 34; Decl. Tanya Moore Supp. Opp'n
9  ("Moore Decl."), ECF No. 34-1; Decl. Pl. Darren Gilbert Supp. Opp'n ("Gilbert Decl."), ECF
10 No. 34-2.) Second, Plaintiff argues the state procedural law is preempted by federal law,
11 O'Campo v. Chico Mall, LP, 758 F. Supp. 2d 976, 984-985 (E.D. Cal. 2010). (Opp'n 2-3.)
12 Third, Plaintiff submits that the request is deficient and untimely under California law because
13 Plaintiff has only checked one of the three boxes on the check-box form under paragraph (3)(d),
14 and the form itself states in the instructions that "all items in one of a, b, c, or d must be checked
15 for the court to order a stay and early evaluation conference." (ECF No. 32 at 1.) Specifically,
16 Plaintiff argues that because Defendant Amar Kumar Is an individual, they are not entitled to
17 request a stay under this section of the form because California Civil Code § 55.54(b)(2)(D)
18 requires that the "defendant is a business that has been served with a complaint filed by a high
19 frequency litigant," and Defendant has not checked the box at paragraph 3(d)(1) to indicate the
20 site owned or occupied by a defendant that is a business, and box 3(d)(3) is not checked. (Opp'n
21 3.) Further, Plaintiff submits the application is also untimely under California law because
22 California Civil Code § 55.54(b) requires that a defendant's request for a stay and early
23 evaluation be filed prior to or simultaneous with the party's responsive pleading or other
24 appearance, and Defendant Kumar's responsive pleading was filed on August 13, 2021 (ECF No.
25 13), over four months prior to the application for a stay. (Opp'n 3.) Finally, Plaintiff submits
26 that it is proper for the Court to retain supplemental jurisdiction over the state law claims in this
27 action.

28  Given the Defendant simply filed a California state check-box form and provided no

1  substantive reply to the Plaintiff's opposition brief, the Court finds it appropriate to simply deny
2  the request for an insufficient presentation of legal or factual in support of the filing.  This is
3  particularly true given Plaintiff's accurate highlighting of the deficiencies on the face of the
4  Judicial Council of California check-box form submitted by Defendant, which Defendant has
5  failed to address in any reply briefing.  Additionally, the Court finds Defendant's request may
6  properly be denied on the basis that Plaintiff has submitted declarations attesting that Plaintiff is
7  not a "high frequency litigant" as defined in California Code of Civil Procedure § 425.55(b), and
8  Defendant has not submitted any reply briefing contesting the accuracy of such factual and legal
9  contentions.  Accordingly, the Court finds Defendant's motion shall be denied on these grounds.

10  Additionally, without finding consideration of such issues necessary to adjudicate the
11  Defendant's facially deficient request, Plaintiff's other arguments appear to have merit, and
12  Defendant has submitted no reply to counter such contentions.  Specifically, the District Judge
13  assigned to this action has already noted that federal courts have found the California pleading
14  requirements do not apply in federal court.  Johnson, 2018 WL 4444961, at *5 (citations
15  omitted).  Further, this Court has previously held the Construction–Related Accessibility
16  Standards Compliance Act, Cal. Civ. Code §§ 55.51–55.54, which entitles some defendants in
17  construction-related accessibility suits to a stay and evaluation conference, was "preempted to
18  the extent that it imposes any additional procedural hurdles to a plaintiff bringing a claim under
19  the ADA." O'Campo v. Chico Mall, LP, 758 F. Supp. 2d 976, 983-84 (E.D. Cal. 2010) ("[T]he
20  ADA has no provision for mandatory stays and early settlement conferences where a public
21  accommodation has been inspected by a state official and found to be in compliance with federal
22  as well as state law.  Any state law requirement that a claim brought under the ADA be subjected
23  to such a procedure, then, clearly conflicts with federal law.").  The Ninth Circuit has observed
24  that "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be
25  necessary and desirable for committed individuals to bring serial litigation advancing the time
26  when public accommodations will be compliant with the ADA," however, also observed that "as
27  important as this goal is to disabled individuals and to the public, serial litigation can become
28  vexatious when, as here, a large number of nearly-identical complaints contain factual

allegations that are contrived, exaggerated, and defy common sense [and] [f]alse or grossly exaggerated claims of injury, especially when made with the intent to coerce settlement, are at odds with our system of justice" Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1062 (9th Cir. 2007).

The Court also declines to make a determination whether supplemental jurisdiction over the state law claims is appropriate, as it is unnecessary to deny the instant request. However, the Court notes the District Judge assigned to this action has previously denied a motion requesting the Court to decline supplemental jurisdiction under similar circumstances:

> The concept of supplemental jurisdiction is well established. Litigants in federal court routinely bring both federal and state law causes of action, and the federal courts routinely resolve all such claims. There is nothing improper about Johnson, or any other litigant, following this well established and commonly used practice. The Court acknowledges that California has established a heightened pleading standard for high frequency litigants. As such, considerations of comity favor permitting California courts to follow, interpret, and enforce California pleading standards. However, as explained in *Schoors* and *Johnson*, it is not efficient, convenient, or fair to require Johnson to file two nearly identical cases involve materially identical proof and issues. [citations] It is judicially more economical for a single court to resolve the dispute between Johnson and MSM, instead of requiring duplicative efforts in multiple courts, possibly involving multiple juries, and possibly leading to inconsistent results. Finally, even if Johnson is forum shopping, the Court continues to find that such forum shopping is not sufficient to justify declining supplemental jurisdiction. See id.; Moore, 2012 WL 1657205, *2, 2012 U.S. Dist. LEXIS 65925 at *5-*6; Kohler, 794 F.Supp.2d at 1096. Therefore, the Court does not find that this case represents an "exceptional circumstance" under § 1367(c)(4).

Johnson, 2018 WL 4444961, at *6.

Accordingly, IT IS HEREBY ORDERED that Defendant Amar Kumar's motion to stay and for early evaluation conference is DENIED.

IT IS SO ORDERED.

Dated:  **January 19, 2022**

UNITED STATES MAGISTRATE JUDGE

6