# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>DOCTOR'S CHOICE MODESTO, LLC., et al.,<br><br>        Defendants. | Case No. 1:21-cv-00690-AWI-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND ORDERING DEFENDANT TO SERVE RESPONSES AND RESPONSIVE DOCUMENTS WITHIN TEN DAYS<br><br>ORDER VACATING APRIL 27, 2022 HEARING<br><br>(ECF No. 47) |

**I.**

**INTRODUCTION**

Currently before the Court is Plaintiff Darren Gilbert's motion to compel Defendant Doctor's Choice Modesto, LLC,[1] to provide responses to interrogatories and document requests that were served on Defendant on March 1, 2022. (Pl.'s Mot. Compel. ("Mot."), ECF No. 47.) Defendant did not file an opposition to the motion and the deadline to do so has now expired. Accordingly, the Court finds this matter suitable for decision without oral argument and the parties will not be required to appear on April 27, 2022. See Local Rule 230(g). For the reasons explained herein, Plaintiff's motion shall be granted and Defendant shall provide,

---

[1] While there are multiple Defendants, Doctor's Choice Modesto, LLC, is the only Defendant subject to the motion to compel, and when referring to the "Defendant" herein, the Court only intends to reference Defendant Doctor's Choice Modesto, LLC.

1

within ten days of entry of this order, written responses to the requests for production, responsive documents, and written responses to the interrogatories without objections.

## II.

## PROCEDURAL BACKGROUND

Plaintiff filed this action on April 23, 2021. (ECF No. 1.) A scheduling order issued on October 5, 2021, which has been modified one time on April 14, 2022. (ECF Nos. 27, 48.) The nonexpert discovery deadline currently is set to expire on July 20, 2022. (ECF No. 48.) On April 13, 2022, Plaintiff filed the instant motion to compel. (ECF No. 47.) The motion was set for hearing on April 27, 2022. (Id.) No opposition to the motion was filed by Defendant.

## III.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Rule 33 of the Federal Rules of Civil Procedure authorizes a party to serve interrogatories on another party. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity," and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4).

Rule 34 of the Federal Rules of Civil Procedure, pertaining to document production

2

requests, provides that

> A party may serve on any other party a request within the scope of Rule 26(b):
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. . . .

Fed. R. Civ. P. 34(a). "The party to whom the request is directed must respond in writing within 30 days after being served. . . ." Fed. R. Civ. P. 34(b)(2)(B). A party's response "may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form--or if no form was specified in the request--the party must state the form or forms it intends to use." Fed. R. Civ. P. 34(b)(2)(D).

Rule 37 of the Federal Rules of Civil Procedure provides that a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). The party opposing the discovery bears the burden of resisting disclosure. Bryant v. Armstrong, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

If a motion to compel discovery is granted, the Court must order the "party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed.

1  R. Civ. P. 37(a)(5)(A).  If the motion is denied, the court must "require the movant, the attorney
2  filing the motion, or both to pay the party or deponent who opposed the motion its reasonable
3  expenses incurred in opposing the motion, including attorney's fees," however the court "must
4  not order this payment if the motion was substantially justified or other circumstances make an
5  award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).  Where the motion is granted in part
6  and denied in part, the court "may, after giving an opportunity to be heard, apportion the
7  reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).

**IV.**

**DISCUSSION**

**A.   The Court Shall Grant Plaintiff's Motion to Compel**

On March 1, 2022, Plaintiff propounded interrogatories and requests for production of documents on Defendant.  (Mem. Supp. Mot. Compel. ("Mem.") 1, ECF No. 47-1; Decl. Tanya E. Moore ("Moore Decl.") ¶¶ 2-3, Exs. A, B.)  Responses were due on April 4, 2022.  (Id.)  No responses were received.  (Moore Decl. ¶ 4.)  Plaintiff's counsel has met and conferred to attempt to receive responses, but has been unsuccessful.  (Moore Decl. ¶¶ 5-6.)  Plaintiff requests an order requiring Defendant to immediately provide discovery responses, without objections, and for sanctions in the form of costs and attorneys' fees for the failure to provide discovery responses.  (Mem. 2.)

Plaintiff accurately contends they appropriately brought this motion pursuant to Local Rule 251(e), which allows for the filing of a motion to compel outside of the normal notice period for discovery motions, and without the need for a joint statement. L.R. 251(e).  Pursuant to the rule, Defendant, as the responding party, was required to file a response to the motion not later than seven (7) days before the hearing date.  Id.  Thus, because this matter was set for hearing on April 27, 2022, a response was due by April 20, 2022.  Defendant failed to file a response, nor any other filing with the Court regarding the motion.  Accordingly, the Court considers the motion to compel to be unopposed.

The Court finds Plaintiff's factual proffers to be reasonable and supported by the declaration of counsel, and finds Plaintiff's legal contentions to be reasonable and sound.

4

Accordingly, given the fact that Defendant has presented no opposition to the factual or legal contentions in Plaintiff's moving papers, the Court shall grant Plaintiff's motion to compel, order Defendant to provide responses and documents without objection, and award Plaintiff reasonable attorneys' fees and costs incurred in the bringing of this motion. See Fed. R. Civ. P. 33(b)(3)-(4); Fed. R. Civ. P. 34; Fed. R. Civ. P. 37; Bryant, 285 F.R.D. at 600; Fed. R. Civ. P. 37(a)(5)(A)-(C).

The Court now turns to consideration of an appropriate award of costs and fees.

### B.     The Court Shall Grant Plaintiff's Requested Attorneys' Fee Award

Given the lack of any opposition or response from the Defendant, and the fact Plaintiff did meet and confer with the Defendant, the Court does not find "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," nor that "the opposing party's nondisclosure, response, or objection was substantially justified," nor that "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Having determined that an award of reasonable expenses is warranted, the Court now turns to calculate appropriate and reasonable attorneys' fees.

"[U]nder federal fee shifting statutes the lodestar approach is the guiding light in determining a reasonable fee." Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1176 (9th Cir. 2010) (internal punctuation and citations omitted); see also Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc., No. 17CV1943-LAB-LL, 2019 WL 3769191 (S.D. Cal. Aug. 9, 2019) (applying lodestar to calculate reasonable attorneys' fees under Rule 37)(b)(2)(C) for failure to comply with discovery order). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts.  First a court determines the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed.  A district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary.  Second, a court may adjust the lodestar upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar. The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the

lodestar amount is unreasonably low or unreasonably high. Van Gerwin v. Guarantee Mut. Life Co., 214 F.3d 1041,1045 (9th Cir. 2000) (internal citations and punctuation omitted).

Under the lodestar method, the court will first determine the appropriate hourly rate for the work performed, and that amount is then multiplied by the number of hours properly expended in performing the work. Antoninetti, 643 F.3d at 1176. The district court has the discretion to make adjustments to the number of hours claimed or to the lodestar, but is required to provide a clear but concise reason for the fee award. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). The lodestar amount is to be determined based upon the prevailing market rate in the relevant community. Blum v. Stenson, 465 U.S. 886, 896 (1984).

1.   Reasonable Hourly Rate

The lodestar amount is to be determined based upon the prevailing market rate in the relevant community, Blum, 465 U.S. at 896 (1984), which in this matter is the Fresno Division of the Eastern District of California. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 895 n.11. "Though affidavits provide satisfactory evidence of the prevailing market rate, they are not conclusive . . . [and] Courts should rely on their own familiarity with the market . . . bas[ing] their rates on the standards of the legal community in which the court sits." California Ass'n of Rural Health Clinics v. Douglas, No. 2:10-CV-00759-TLN, 2014 WL 5797154, at *3, n.7 (E.D. Cal. Nov. 6, 2014).

Plaintiff states that although "significantly outdated, the Eastern District has previously found a reasonable hourly rate for attorney Tanya E. Moore of $300 per hour (although her regular billing rate is now $650 per hour), and $115 per hour for paralegal Whitney Law (who regularly bills at $195 per hour)." (Mem. 3, citing Trujillo v. Singh, No. 1:16-cv-01640-LJO-EPG, 2017 U.S. Dist. LEXIS 70092, at *8 (E.D. Cal. May 8, 2017).) Therefore, for the purposes of this motion only, Plaintiff is seeking only a rate of $300 per hour for Ms. Moore

and $115 per hour for Ms. Law.

Indeed, the Court has recently reaffirmed the reasonableness of these requested rates as to attorney Moore and her paralegals. Trujillo v. Harsarb, No. 121CV00342NONESAB, 2021 WL 3783388, at *14 (E.D. Cal. Aug. 26, 2021) (noting the Court had "already found $300.00 per hour to be a reasonable rate for counsel Moore [and that] . . . in the context of cases alleging violations of the ADA, courts in this district have awarded fees ranging from $250.00 to $325.00 per hour within recent years . . . [and] also recommends that Plaintiff receive the requested $115.00 per hour for the services of the paralegals, as the undersigned has previously found to be reasonable."), report and recommendation adopted in part sub nom. Trujillo v. Harsarb, Inc., No. 121CV00342NONESAB, 2021 WL 4804249 (E.D. Cal. Oct. 14, 2021).

Accordingly, the Court finds the requested rates to be reasonable.

2. Reasonable Number of Hours

Attorney Moore proffers to have spent a total of 1.4 hours in the preparation of this motion, including attempts to meet and confer with Defendant. (Moore Decl. ¶ 7.) Plaintiff proffers that paralegal Law has spent a total of 3.1 hours in attempts to obtain responses from Doctor's Choice, researching applicable federal and local rules, and drafting this motion and the supporting documents. (Moore Decl. ¶ 8.) Plaintiff therefore requests a total of $776.50 incurred through the filing of this motion. Given the hearing is now being taken off calendar, the Court need not consider additional amounts that would have been incurred in preparing any reply and appearing at the hearing. (See Moore Decl. ¶ 10.)

While the Court is somewhat skeptical of whether any time researching the applicable federal and local rules was necessary given the generally boiler-plate form of the filing and the amount of litigation that the Plaintiff's law firm has filed in this Court, the Court does not find the proffered hours to be outside the bounds of reasonableness. Accordingly, the Court finds the proffered amount of hours expended to be reasonable.

3. Reasonable Attorneys' Fee Award

The Court finds that: (1) counsel Moore reasonably expended 1.4 hours at a reasonable rate of $300.00 per hour, for a total of $420.00; and (2) paralegal Whitney Law reasonably

expended 3.1 hours at a reasonable rate of $115.00 per hour, for a total of $356.50. Accordingly, the Court finds that Plaintiff shall be awarded attorneys' fees in the amount of $776.50.

## V.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 47) is GRANTED;

2. The hearing on Plaintiff's motion to compel set for April 27, 2022, at 10:00 a.m. in Courtroom 9, is HEREBY VACATED;

3. Within **ten (10)** days of entry of this order, Defendant Doctor's Choice Modesto, LLC, shall provide written responses to Plaintiff's interrogatories, set one, served on March 1, 2022, without objections;

4. Within **ten (10)** days of entry of this order, Defendant Doctor's Choice Modesto, LLC, shall provide written responses and responsive documents to Plaintiff's requests for production, set one, served on March 1, 2022;

5. Plaintiff's request for attorneys' fees is GRANTED; and

6. Defendant Doctor's Choice Modesto, LLC, and counsel of record Ogden Law Firm, PC, shall, jointly and severally,[2] be obligated to pay $776.50 in attorneys' fees to Plaintiff, to be produced to the offices of Moore Law Firm, P.C., no later than **thirty (30) days** from the date of entry of this order.

IT IS SO ORDERED.

Dated: **April 21, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[2] If the Defendant or counsel disagree with this manner of imposing the award of attorneys' fees, they may file a request for clarification or alteration regarding who is responsible or required to pay the attorneys' fees within three (3) days of entry of this order. However, such request shall not request alteration of the amount of fees awarded.

8