# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>DOCTOR'S CHOICE MODESTO, LLC, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00690-AWI-SAB<br><br>ORDER GRANTING MOTION TO WITHDRAW COUNSEL OF RECORD FOR AMAR KUMAR<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE AMAR KUMAR'S ATTORNEY OF RECORD AND UPDATE AMAR KUMAR'S ADDRESS<br><br>ORDER VACATING SEPTEMBER 14, 2022 HEARING<br><br>(ECF Nos. 80, 81) |

**I.**

**INTRODUCTION**

Currently before the Court is a motion by counsel Rachelle Taylor Gordon's motion to withdraw her and her law firm, Golden Law, A.P.C.,, as counsel of record for Defendant and Cross-Complainant Amar Kumar ("Kumar"). (ECF No. 80.) The Court finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the hearing set for September 14, 2022, will be vacated and the parties will not be required to appear at that time. Having considered the moving papers, the declaration attached thereto, the letter submitted by Defendant Amar Kumar to the Court, as well as the Court's file, the motion to withdraw as counsel shall be granted.

## II.

## BACKGROUND

On April 23, 2021, Plaintiff Darren Gilbert filed this action bringing claims pursuant to the Americans with Disabilities Act. (ECF No. 1.) Default was entered against Defendant Amar Kumar on June 15, 2021. (ECF No. 10.) Default was set aside by stipulation on July 8, 2021, filed by Amar Kumar's previous counsel, Lawrence Niermeyer. (ECF Nos. 11, 12, 13.) On August 13, 2021, Amar Kumar filed an answer and a crossclaim. (ECF Nos. 13, 14.)

On January 11, 2022, Plaintiff filed a first amended complaint. (ECF No. 36.) On January 19, 2022, the Court denied Amar Kumar's motion to stay. (ECF No. 37.) On February 22, 2022, Amar Kumar filed an answer to the first amended complaint. (ECF No. 39.)

On March 25, 2022, the Court denied a substitution of attorney form submitted by Amar Kumar and counsel Lawrence Niermeyer, as an improper attempt to withdraw as counsel leaving Amar Kumar *pro se*, without a noticed motion. (ECF No. 41.) On April 1, 2022, a motion to withdraw as attorney was filed, and on April 18, 2022, the Court granted the motion to withdraw. (ECF No. 42, 50.) On April 21, 2022, counsel Rachelle Taylor Gordon substituted in as counsel for Kumar. (ECF No. 52.)

On June 23, 2022, this case was consolidated with one other. (ECF No. 57.) On June 28, 2022, Plaintiff filed a second amended complaint. (ECF No. 70.) On July 21, 2022, the scheduling order was modified. (ECF No. 76.) Currently, the nonexpert discovery deadline expires on January 18, 2023. On July 25, 2022, the Court entered a stipulation extending the time for Kumar to file a responsive pleading to the second amended complaint until September 5, 2022.[1]

On August 4, 2022, counsel Rachelle Taylor Gordon filed the motion to withdraw as attorney currently before the Court. (ECF No. 80.) On August 25, 2022, Kumar filed a letter with the Court that appears to be a copy of a letter dated August 20, 2022, sent from Kumar to counsel Rachelle Taylor Gordon. (ECF No. 81.)

---

[1] This date is a Court holiday, and by the time dockets this order, will have expired. The Court will presumably grant any needed extension of time to accommodate the need for the *pro se* party to file a third responsive pleading in this action.

2

## III.

## LEGAL STANDARD

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of Practice for the United States District Court, Eastern District of California. See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012).

The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d). Except for the requirement of Rule 1.16(c), an attorney shall withdraw from representation if "the client discharges the lawyer." Cal. R. Prof. Conduct 1.16(a)(4).

The Local Rules provide that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court upon noticed motion, along with notice to the client and all other parties who have appeared. L.R. 182(d). The attorney is also required to "provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw." Id. Likewise, California's Rules of Court require notice of a motion to withdrawal to be served on the client and other parties who have appeared in the action. Cal. R. Court 3.1362(d).

It is within the Court's discretion whether to grant withdrawal. L.S. ex rel. R.S., 2012 WL 3236743, at *2 (citing Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-CV-06599, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009)). "Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal." Id. (citing Canandaigua, 2009 U.S. Dist. LEXIS 4238, at *4). Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems

fit." L.R. 182(d).

## IV.
## DISCUSSION

In this instance, counsel has complied with the substantive and procedural requirements for withdrawal in this matter. Defendant and Cross-Claimant Kumar's agreement for counsel to withdraw from representation presents sufficient grounds under the California Rules of Professional Conduct to allow for counsel to withdraw from representation in this matter. Cal. R. Prof. Conduct 1.16(a)(4). No opposition has been filed to his motion. The Court considers Kumar's submission to the Court indicates the following: that he would like to terminate the legal relationship; that he appreciates the "long hours and hard work that has gone into the case"; and that Kumar cannot reasonably afford legal representation any longer, having spent approximately $8,102. (ECF No. 81. at 2.)

In exercising the Court's discretion on this motion, "[f]actors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal." L.S. ex rel. R.S., 2012 WL 3236743, at *2 (citing Canandaigua Wine, 2009 U.S. Dist. LEXIS 4238, at *2). In consideration of these factors and the procedural posture of this action, the Court finds the factors weigh in favor of granting the motion and that good cause exists for withdrawal.

## V.
## CONCLUSION AND ORDER

Counsel has complied with the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw from representation of Plaintiffs and the Court finds the factors weigh in favor of granting the motion. Thus, the Court is acting within its discretion to grant the motion to withdraw.

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel Rachelle Taylor Gordon's motion to withdraw as counsel of record for Defendant and Cross-Complainant Amar Kumar (ECF No. 80), is GRANTED;

4

2. The Clerk of the Court is DIRECTED to terminate Rachelle Taylor Gordon as attorney of record for Defendant and Cross-Complainant Amar Kumar in this action;

3. The hearing set for September 14, 2022, at 10:00 a.m., in Courtroom 9, is VACATED; and

4. The Clerk of the Court is DIRECTED to update the docket to reflect the address of Defendant and Cross-Complainant Amar Kumar as 1733 Yosemite Blvd., Unit 3, Modesto, CA 95354, and serve a copy of this order on Defendant and Cross-Complainant Amar Kumar.

IT IS SO ORDERED.

Dated: **September 7, 2022**

UNITED STATES MAGISTRATE JUDGE