# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>       Plaintiff,<br><br>  v.<br><br>DOCTOR'S CHOICE MODESTO, LLC, et al.,<br><br>       Defendants. | Case No. 1:21-cv-00690-AWI-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION REQUEST FOR ADMISSION<br><br>(ECF No. 86) |

On September 7, 2022, the Court granted counsel Rachelle Taylor Golden's motion to withdraw as counsel as to Defendant and Cross-Claimant Amar Kumar ("Kumar"), and on September 9, 2022, amended the order to also grant the motion to withdraw Rachelle Taylor Golden as attorney for Defendants Nindiseventeen LTD. Liability Co., and Nindi2039 LLC, as well.  (ECF Nos. 84, 85.)

On September 15, 2022, Amar Kumar filed, and on September 19, 2022, the Court docketed, a filing from Amar Kumar that is entitled Motion Request for Admission, Informed Consent.  (ECF No. 86.)  The filing's title also contains the names of parties: Amar Kumar; Nindi2039 LLC; Shaibi Abdulqawi dba J's Smoke Shop # 9; Nindiseventeen LTD. Liability Co.; Arif Faisal dba Global Smoke Shop.  (ECF No. 86 at 1.)  The filing references the motion to withdraw granted as to Kumar.  (ECF No. 86 at 2.)  Under the heading "Absent Informed Consent," the filing states: "Amar Kumar (female) was landlord to tenant Doctor's Choice

1   (vacant).  Doctor's Choice was a retail store in a small existing strip mall . . . [that] has many

2   landlords and tenants with varied individual businesses."  (Id.)  Kumar then cites California Rule

3   of Court 1.7, pertaining to conflict of interest, and stating a lawyer shall not, without informed

4   consent from each client, represent a client if the representation is directly adverse to another

5   client in the same or a separate matter.

6          It is not clear what Amar Kumar's motion is requesting of the Court.  It is not clear

7   whether Plaintiff is averring that former counsel Rachelle Golden violated a duty, as the proof of

8   service does indicate the motion was served on her, and only her.  (ECF No. 86 at 3.)  The Court

9   notes that Amar Kumar previously submitted a letter to the Court on August 25, 2022,

10  demonstrating Amar Kumar terminated the legal relationship with Rachelle Golden, and stating

11  he "appreciate[d] the long hours and hard work . . . I can't afford to hire new counsel."  (ECF

12  No. 81.)  It is not clear what relief Plaintiff could obtain through a motion filed in this regard, at

13  this juncture, or if Plaintiff would be required to file a malpractice action.

14         Given the title of the motion as one requesting admission, it is not clear whether Amar

15  Kumar is requesting some sort of admission to the Court allowing her to represent any of the

16  corporate defendants in this action, or if she is requesting permission to file electronically.[1]  To

17  the extent she is averring that there is informed consent or wishes to represent any of the

18  corporate entities, a non-attorney cannot represent the corporate entities, and Kumar can only

19  represent herself if she is not an attorney.  See Rowland v. California Men's Colony, Unit II

20  Men's Advisory Council, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of

21  two centuries, for example, that a corporation may appear in the federal courts only through

22  licensed counsel . . . [a]s the courts have recognized, the rationale for that rule applies equally to

23  all artificial entities.").

24         **However, to the extent Kumar is the owner or associated with the corporate entities,**

25  **Kumar and these parties are reminded that the Court's September 9, 2022 order required**

---

26  [1]  The Local Rules generally require pro se parties to file and serve paper documents.  See E.D. Cal. Local Rule
27  133(a).  A *pro se* litigant may request an exception to this requirement by filing a joint stipulation or by "written
     motion[] setting out an explanation of reasons for the exception." E.D. Cal. Local Rule 133(b)(2), (3).  Kumar's
28  filing contains no explanation for or justification or clear request for access to the electronic filing system. Thus, to
     the extent the filing was such a request, the request is denied.

1  **the Defendants Nindiseventeen LTD. Liability Co., and Nindi2039 LLC, to secure**

2  **substitute counsel within thirty (30) days of entry of that order.**

3      Given the filing is vague and the Court cannot discern what relief the motion is

4  requesting of the Court, the Court shall deny Amar Kumar's motion.

5      Accordingly, IT IS HEREBY ORDERED that Amar Kumar's motion (ECF No. 86) is

6  DENIED.

7

8  IT IS SO ORDERED.

9  Dated:   **September 20, 2022**

UNITED STATES MAGISTRATE JUDGE

3