# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOCTOR'S CHOICE MODESTO LLC, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00690-AWI-SAB<br><br>ORDER REQUIRING PARTIES TO FILE JOINT STATUS REPORT<br><br>**OCTOBER 21, 2022 DEADLINE** |

This case presents a difficult posture of pleadings, consolidation, answers, and representation of corporate defendants. On August 13, 2021, Defendant Amar Kumar filed an answer to the initial complaint in this action, and on February 22, 2022, Defendant Amar Kumar filed an answer to the first amended complaint. (ECF No. 13.) The initially filed complaint and first amended complaint only named Amar Kumar and Doctor's Choice as defendants. (ECF Nos. 1, 36.)

On June 23, 2022, this action became the lead action when consolidated with case number 1:21-cv-01304-AWI-SAB. (ECF No. 57.) In that action, Defendant Nindiseventeen LTD Liability Co., filed an answer on February 28, 2022. (Case No. 21-cv-01304-AWI-SAB, ECF No. 19).

On June 28, 2022, in this action, Plaintiff filed a second amended complaint, naming

Nindi2039 LLC, and Nindiseventeen LTD Liability Co. (ECF No. 70.) On July 11, 2022, a waiver of service for Nindi2039 was returned executed, proffering an answer was due September 6, 2022. (ECF No. 72.) On July 25, 2022, the Court entered a stipulation extending the deadline for Defendants Nindiseventeen Ltd. Liability Co., and Amar Kumar, to file an answer until September 5, 2022. (ECF No. 78.) No answers to the second amended complaint have been filed by any Defendants. Defaults have been entered against Doctor's Choice, and Arif Faisal. (ECF Nos. 75, 83.)

On September 7 and 9, 2022, the Court granted attorney Rachelle Taylor Golden's motion to withdraw as counsel of record for Defendants Amar Kumar, Nindiseventeen LTD Liability Co., and Nindi2039 LLC, and ordered Defendants Nindiseventeen LTD Liability Co., and Nindi2039 LLC, to secure substitute counsel within thirty days. (ECF Nos. 84, 85.) Thus, Defendants Nindiseventeen LTD Liability Co.'s, and Nindi2039 LLC's, notices of appearance of counsel should have been filed by October 10, 2022. As of October 12, 2022, however, nothing has been filed on the docket and it is unknown to the Court whether Defendants have secured counsel as ordered.

On September 29, 2022, Plaintiff filed a motion to file a third amended complaint that is currently set for hearing on November 16, 2022. (ECF Nos. 91, 93.) The motion seeks to add additional alleged barriers at the Defendants' facilities. (ECF No. 91.)

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). It is not clear whether, if the third amended complaint is allowed to be filed, whether previously answering Defendants would be required to file a new answer, nor it is clear even if Defendants Amar Kumar and Nindiseventeen LTD Liability Co. were required to file an answer to the second amended complaint. See KST Data, Inc. v. DXC Tech. Co., 980 F.3d 709, 714–16 (9th Cir. 2020) ("A defendant is not required to file a new answer to an amended complaint when the allegations in the amended complaint do not change the theory or scope of the case.") The Court notes Rule 55 requires default to be entered not only when a defendant fails to plead, but default must be entered when a party has

1 "failed to . . . otherwise defend," and that failure is shown by affidavit.  Fed. R. Civ. P. 55(a).
2 Thus, it is further not clear if the current unrepresented status of the corporate defendants has an
3 impact on the ability to otherwise defendant for purposes of entry of default.
4       Given the status of the pleadings including the pending motion for leave to amend, the
5 previously filed answers, the entries of default only as to certain non-answering parties, and the
6 non-represented status of now-named Defendants Nindiseventeen LTD Liability Co., and
7 Nindi2039 LLC, the Court shall order the parties to file a joint status report as to the status of
8 counsel, the status of defaults, and indicating how the Court should proceed in light of all these
9 issues.  If Plaintiff is unable to effectively communicate with all Defendants, Plaintiff shall file a
10 status report describing the efforts, and describing, as the party responsible for prosecuting this
11 case, how the Court shall proceed as to the representation of the corporate defendants, the impact
12 of the answers already filed in this case and the related case as to the need to request entry of
13 default against the now non-answering Defendants, and what the impact of the proposed third
14 amended complaint would be on the status of these parties.

      Accordingly, IT IS HEREBY ORDERED that:

1. The parties shall file a status report as to the status of the above described matters no later than **October 21, 2022**; and

2. Failure to comply with this order may result in issuance of sanctions, including monetary sanctions and dismissal.

IT IS SO ORDERED.

Dated:  **October 12, 2022**

UNITED STATES MAGISTRATE JUDGE

3