# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>       Plaintiff,<br><br>   v.<br><br>DOCTOR'S CHOICE MODESTO LLC, et al.,<br><br>       Defendants. | Case No. 1:21-cv-00690-AWI-SAB<br><br>ORDER VACATING NOVEMBER 16, 2022 HEARING AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br><br>(ECF No. 91)<br><br>FIVE DAY DEADLINE |

## I.

## INTRODUCTION

Currently before the Court is Plaintiff's motion to file a third amended complaint, currently set for hearing on November 16, 2022. (ECF Nos. 91, 93.) Having considered the moving papers, the lack of proper opposition, the filed status reports, and the Court's file, the Court finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the hearing set for November 16, 2022, will be vacated and the parties will not be required to appear at that time. For the reasons explained herein, Plaintiff's motion to amend shall be granted.

/ / /

/ / /

/ / /

1

## II.

## BACKGROUND

This case presents a somewhat difficult posture of pleadings, consolidation, answers, and representation of corporate defendants.  Plaintiff Darren Gilbert filed this action on April 23, 2021.  (ECF No. 1.)  On August 13, 2021, Defendant Amar Kumar ("Kumar") filed an answer to the initial complaint in this action, and on February 22, 2022, Defendant Kumar filed an answer to the first amended complaint.  (ECF No. 13.)  The initially filed complaint and first amended complaint only named Kumar and Doctor's Choice as defendants.  (ECF Nos. 1, 36.)

On June 23, 2022, this action became the lead action when consolidated with case number 1:21-cv-01304-AWI-SAB.  (ECF No. 57.)  In that action, Defendant Nindiseventeen LTD Liability Co., filed an answer on February 28, 2022.  (Case No. 21-cv-01304-AWI-SAB, ECF No. 19).

On June 28, 2022, in this action, Plaintiff filed a second amended complaint, naming Nindi2039 LLC, and Nindiseventeen LTD Liability Co., as additional Defendants.  (ECF No. 70.)  On July 11, 2022, a waiver of service for Nindi2039 was returned executed, proffering an answer was due September 6, 2022.  (ECF No. 72.)  On July 25, 2022, the Court entered a stipulation extending the deadline for Defendants Nindiseventeen Ltd. Liability Co., and Amar Kumar, to file an answer until September 5, 2022.  (ECF No. 78.)  No answers to the second amended complaint have been filed by any Defendants.  Defaults have been entered against Doctor's Choice, and Arif Faisal.  (ECF Nos. 75, 83.)

On September 7 and 9, 2022, the Court granted attorney Rachelle Taylor Golden's motion to withdraw as counsel of record for Defendants Amar Kumar, Nindiseventeen LTD Liability Co., and Nindi2039 LLC, and ordered Defendants Nindiseventeen LTD Liability Co., and Nindi2039 LLC, to secure substitute counsel within thirty days.  (ECF Nos. 84, 85.)  Thus, Defendants Nindiseventeen LTD Liability Co.'s, and Nindi2039 LLC's, notices of appearance of counsel should have been filed by October 10, 2022.  As of October 12, 2022, however, nothing had been filed on the docket.

In the interim, on September 29, 2022, Plaintiff filed the motion to file a third amended

complaint that is currently set for hearing on November 16, 2022, and the subject of this order. (ECF Nos. 91, 93.)  The motion seeks to add additional alleged barriers at the Defendants' facilities.  (ECF No. 91.)

In light of the above procedural posture, on October 12, 2022, the Court ordered the parties to submit a joint status report.  (ECF No. 94.)  The Court's order specified as follows:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  It is not clear whether, if the third amended complaint is allowed to be filed, whether previously answering Defendants would be required to file a new answer, nor it is clear even if Defendants Amar Kumar and Nindiseventeen LTD Liability Co. were required to file an answer to the second amended complaint.  See KST Data, Inc. v. DXC Tech. Co., 980 F.3d 709, 714–16 (9th Cir. 2020) ("A defendant is not required to file a new answer to an amended complaint when the allegations in the amended complaint do not change the theory or scope of the case.")  The Court notes Rule 55 requires default to be entered not only when a defendant fails to plead, but default must be entered when a party has "failed to . . . otherwise defend," and that failure is shown by affidavit.  Fed. R. Civ. P. 55(a).  Thus, it is further not clear if the current unrepresented status of the corporate defendants has an impact on the ability to otherwise defendant for purposes of entry of default.
>
> Given the status of the pleadings including the pending motion for leave to amend, the previously filed answers, the entries of default only as to certain non-answering parties, and the non-represented status of now-named Defendants Nindiseventeen LTD Liability Co., and Nindi2039 LLC, the Court shall order the parties to file a joint status report as to the status of counsel, the status of defaults, and indicating how the Court should proceed in light of all these issues.  If Plaintiff is unable to effectively communicate with all Defendants, Plaintiff shall file a status report describing the efforts, and describing, as the party responsible for prosecuting this case, how the Court shall proceed as to the representation of the corporate defendants, the impact of the answers already filed in this case and the related case as to the need to request entry of default against the now non-answering Defendants, and what the impact of the proposed third amended complaint would be on the status of these parties.

(ECF No. 94 at 2-3.)

On October 21, 2022, Plaintiff filed a status report, and on October 27, 2022, Defendant Kumar filed a status report.  (ECF Nos. 95, 96.)

///

## III.

## LEGAL STANDARD

Twenty-one days after a responsive pleading or a motion to dismiss is filed, a party may amend only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a)(1)-(2).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' "  Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (noting leave should be granted with "extreme liberality") (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001)).  Leave to amend under Rule 15 is "within the sound discretion of the trial court," and "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint."  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).  The factors are not weighed equally.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Id.  Undue delay, "by itself . . . is insufficient to justify denying a motion to amend."  Owens, 244 F.3d at 712 (quotation marks omitted) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  Eminence Capital, 316 F.3d at 1052.  The burden to demonstrate prejudice falls upon the party opposing the amendment.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  Id.

## IV.

## DISCUSSION

Plaintiff argues that after being granted leave to file a first amended complaint, this action

4

was thereafter consolidated with another action involving the landlord and tenant of a nearby business, J's Smoke Shop at 2019 Yosemite Boulevard in Modesto, California (the "J's Smoke Shop Facility"), as Plaintiff proffers the landlord in that action was a company owned by Kumar. (Mem. Supp. Mot. Amend ("Mem.") at 2, ECF No. 91-1.)   Plaintiff proffers he had not yet conducted discovery yet in the other action to determine whether additional barriers existed at J's Smoke Shop.  (Id.; Decl. Tanya E. Moore ("Moore Decl") ¶ 2, ECF No. 91-3 at 1-2.)

At the time the actions were consolidated, Plaintiff was granted leave to file a Second Amended Complaint, which: (1) combined the allegations from both lawsuits, (2) named the current owner of the real property housing the Doctor's Choice Facility, Nindi2039, LLC, also owned by Kumar, as ownership had been transferred during the pendency of the action, and (3) alleged claims relating to a third business on the same property, Global Smoke Shop at 2037 Yosemite Boulevard in Modesto.  (Mem. 2.)   The second amended complaint filed on June 28, 2022, is currently the operative pleading.  (ECF No. 70.)

Plaintiff proffers that on September 2, 2022, Plaintiff conducted an inspection of the J's Smoke Shop and Global Smoke Shop Facilities, and identified additional barriers to his access there.  (Moore Decl. ¶ 3.)   Plaintiff argues he seeks leave to file a third amended complaint in order to allege these additional barriers to Plaintiff's access, and Plaintiff has attached a redline of the proposed third amended complaint.  (Ex. A, ECF No. 91-2 at 1-15.)

Turning to the Court ordered status reports, Plaintiff's status report's most relevant information to the present motion is as follows:

> Plaintiff's position is that unless the Corporate Landlords retain counsel, they cannot appear in the action and their default should be entered. Default judgment is an appropriate remedy where a corporate defendant fails to retain counsel to represent it as required in federal court, even if the corporation had filed a responsive pleading prior to withdrawal of its counsel.  United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993).   However, if Plaintiff's motion for leave to file a third amended complaint is granted, and the defendants file a responsive pleading, this issue may become moot.

(ECF No. 95 at 2.)

No opposition to the motion to amend was filed by the deadline to do so.  Thus, the

1    motion to amend is properly considered to be unopposed.  The status report filed by Kumar

2    contains substantive defenses to this action as a whole, such as a proffer that Kumar has taken

3    action to find and fix any violations that exist at the facility and has removed readily achievable

4    barriers.  (ECF No. 96 at 2.)  The Court does not consider such argument as relevant to opposing

5    amendment, at least not as sufficiently demonstrating bad faith or undue delay.  Kumar's status

6    report also contains the following statement as to the merits of the motion for leave to amend:

7    "[t]he allegations in Plaintiff's amended complaint do not change the theory or scope of the case.

8    The court must deny Plaintiff's motion for leave to file his TAC and enter a judgment of

9    default."  (ECF No. 96 at 2-3.)[1]

10        Based on the filings and the Court's record, while Kumar argues that the amendment

11    does not change the theory or scope of the case, the Court accepts Plaintiff's proffer concerning

12    discovery completed after consolidation of this action that revealed additional barriers.

13    Therefore, the Court finds there is no reason to believe that the proposed amendment is futile nor

14    that it would prejudice Defendants; and there is no indication the motion was brought in bad faith

15    or that it produces undue delay in the litigation.  See Lockheed Martin Corp. v. Network

16    Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (explaining that where a motion to amend was

17    made more than four months after the cutoff date, "[a] need to reopen discovery and therefore

18    delay the proceedings supports a district court's finding of prejudice."); SAES Getters S.p.A. v.

19    Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (illustrating that an amendment is

20    futile "only if it would clearly be subject to dismissal.").

21        Consequently, finding that none of the foregoing factors weigh against granting Plaintiff

22    leave to amend, and given the motion was not properly opposed through any opposition briefs

23    filed by the deadline to file an opposition, the Court finds leave to amend appropriate.  See Fed.

---

25    [11]  Defendant Kumar's argument that the proposed amended complaint does not change the theory of theory or
26    scope of the case appears to borrow that language from the Court's order requiring a status report, that touched upon
      the standards regarding whether a defendant must answer an amended complaint.  (See ECF No. 93 at 2 ("It is not
      clear whether, if the third amended complaint is allowed to be filed, whether previously answering Defendants
27    would be required to file a new answer, nor it is clear even if Defendants Amar Kumar and Nindiseventeen LTD
      Liability Co. were required to file an answer to the second amended complaint.  See KST Data, Inc. v. DXC Tech.
28    Co., 980 F.3d 709, 714–16 (9th Cir. 2020) ("A defendant is not required to file a new answer to an amended
      complaint when the allegations in the amended complaint do not change the theory or scope of the case.")).)

1   R. Civ. P. 15(a); <u>Eminence Capital</u>, 465 F.3d at 951; <u>DCD Programs</u>, 833 F.2d at 187 ("Absent

2   prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption*

3   under Rule 15(a) in favor of granting leave to amend.").

4         Accordingly, IT IS HEREBY ORDERED that:

5       1.    The hearing on Plaintiff's motion to amend set for November 16, 2022, at 10:00

6              a.m. in Courtroom 9 is VACATED;

7       2.    Plaintiff's motion for leave to file a third amended complaint is GRANTED; and

8       3.    Plaintiff shall file a third amended complaint within five (5) days of the date of

9              entry of this order.[2]

10

11   IT IS SO ORDERED.

12   Dated:   **November 8, 2022**

                           UNITED STATES MAGISTRATE JUDGE

---

[2]  While Plaintiff's proposed orders submits that the Court should order Defendants to file a responsive pleading within fourteen days of filing of the amended complaint, as indicated in the Court's order requiring a status report, it is not clear on one hand, "whether previously answering Defendants would be required to file a new answer, nor [is it] clear even if Defendants Amar Kumar and Nindiseventeen LTD Liability Co. were required to file an answer to the second amended complaint," and on the other hand, given "Rule 55 requires default to be entered not only when a defendant fails to plead, but default must be entered when a party has 'failed to . . . otherwise defend,' [whether] . . . the current unrepresented status of the corporate defendants has an impact on the ability to otherwise defendant for purposes of entry of default."  (ECF No. 94 at 2-3.)  The Court declines to blankety order the Defendants to file a responsive pleading, and the Court will address such issues at the appropriate time after Plaintiff makes requests for entry of default and/or files a motion for default judgment.