1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **EASTERN DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| 10   **DARREN GILBERT,** | **CASE NO. 1:21-CV-0690 AWI BAM** |
| 11            **Plaintiff** | |
| 12         **v.** | **ORDER ON DEFENDANTS' RULE 12(b)(5) MOTIONS TO DISMISS and ORDER TO SHOW CAUSE** |
| 13   **DOCTOR'S CHOICE MODESTO LLC, et al.,** | |
| 14 | |
| 15         **Defendants** | **(Doc. Nos. 106, 107, 108)** |

16

17        This is a disabilities discrimination lawsuit brought by Plaintiff Darren Gilbert ("Gilbert")

18 against *inter alia* Defendants Amar Kumar ("Kumar"), Shaibi Abdulqawi d/b/a J's Smoke Shop

19 #9 ("Abdulqawi"), and Arif Faisal d/b/a Global Smoke Shop ("Faisal") (collectively

20 "Defendants").  Defendants are pro se.  The active complaint is the Third Amended Complaint

21 ("TAC"), which alleges violations of the Americans with Disabilities Act (42 U.S.C. § 1200 et.

22 seq.) ("ADA"), the California Unruh Act (Cal. Civ. Code § 51), and California Health & Safety

23 Code § 19955.  Currently before the Court are Defendants' three separate Rule 12(b)(5) motions.

24 For the reasons that follow, the Rule 12(b)(5) motions will be denied, but Gilbert will be required

25 to show cause why the Court should not decline to exercise supplemental jurisdiction over his

26 Unruh Act and Health & Safety Act claims.

27

28

**RELEVANT PROCEDURAL HISTORY**

After obtaining Court permission, <u>see</u> Doc. No. 97,[1] Gilbert filed the TAC on November 10, 2022.  <u>See</u> Doc. No. 98.

On November 15, 2022, a summons was issued for Defendant Nindi 2039 LLC.  <u>See</u> Doc. No. 99.

On November 18, 2022, a "Certificate/Proof of Service" was filed by Gilbert.  <u>See</u> Doc. No. 100.  The "Certificate/Proof of Service" indicates that Kumar was served by mail with the TAC.  <u>See</u> <u>id.</u>

On November 30, 2022, Kumar filed an answer.  <u>See</u> Doc. No. 101.  As part of the answer, Kumar pled, "Plaintiff failed to serve service of process."  <u>Id.</u>

On December 5, 2022, Faisal and Abdulqawi filed an "Addendum."  <u>See</u> Doc. No. 103. The "Addendum" is the last page of Kumar's answer and bears the signature of Kumar, Faisal, and Abdulqawi.  <u>See</u> <u>id.</u>  The lines immediately before the signatures read, "If more than one Defendant is included in this Answer, each must sign and date below."  <u>Id.</u>  The Court takes the Addendum to be an attempt by Faisal and Abdulqawi to join Kumar's answer in full.

On December 16, 2022, a "Return of Summons Executed" as to Faisal was filed by Gilbert.  <u>See</u> Doc. No. 104.

On December 19, 2022, a "Return of Summons Executed" as to Abdulqawi was filed by Gilbert.  <u>See</u> Doc. No. 105.

**LEGAL FRAMEWORK**

A Rule 12(b)(5) motion challenges the validity of the actual method or manner of service of process.  <u>See</u> <u>Chilicky v. Schweiker</u>, 796 F.2d 1131, 1136 (9th Cir. 1986).[2]  Objections to the validity of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements for proper service.  <u>See</u> <u>O'Brien v. R.J. O'Brien & Assocs.</u>, 998

---

[1] A reference to "Doc. No." is a reference to a document on the Court's electronic docket.

[2] Reversed on other grounds, 487 U.S. 412 (1988).

1    F.2d 1394, 1400 (7th Cir. 1993); Photolab Corp. v. Simplex Specialty Co., 806 F.2d 807, 810 (8th

2    Cir. 1986).  Once service of process is properly challenged, the plaintiff bears the ultimate burden

3    of showing that service was valid under Rule 4.  See Brockmeyer v. May, 383 F.3d 783, 801 (9th

4    Cir. 2004); Xie v. Sklover & Co., LLC, 260 F.Supp.3d 30, 38 (D. D.C. 2017); Koulkina v. City of

5    N.Y., 559 F.Supp.2d 300, 312 (S.D. N.Y. 2008).  Where a court determines that service of process

6    was defective, the court has broad discretion to either dismiss the suit or quash the defective

7    service and permit re-service.  See S.J. v Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th

8    Cir. 2006); Umbenhauer v. Woog, 969 F.2d 25, 30-31 (3d Cir. 1992).

9

10                                   **DEFENDANTS' MOTIONS**

11        *Defendants' Arguments*

12        Faisal's motion recounts various aspects of the procedural history of the case, cites to

13   Federal Rule of Civil Procedure 4 and California Code of Civil Procedure § 412.20, and then

14   states that "Plaintiff did not properly serve Defendant because plaintiff failed to deliver a copy of

15   the summons and the [TAC] to Defendants as required by California and Federal Law."  Doc. No.

16   106.

17        Abdulqawi's motion recounts various aspects of the procedural history of the case, cites to

18   Fed. R. Civ. P. 4 and Cal. Code Civ. P. § 412.20, and then states that:  "Plaintiff had a copy of the

19   Return of Service form, which the clerk provided with the summons of Defendant. (Docket #59).

20   However, there is no evidence that this Return of Service was completed by anyone or filed with

21   the Court.  Plaintiff's service of process was not sufficient under both California and federal law."

22   Doc. No. 108.

23        Kumar's motion recounts various aspects of the procedural history of the case and cites to

24   Federal Rule of Civil Procedure 4 and California Code of Civil Procedure § 412.20.  See Doc. No.

25   107.  After referencing the November 18 Certification/Service of Process, Kumar states:

26   "Defendant did not receive these documents via U.S. Mail and was not personally served."  Id.

27   Kumar further argues:  "Plaintiff did not properly serve Defendant because Plaintiff failed to

28   deliver a copy of the Summons and the Third Amended Complaint to Defendant as required by

                                              3

California and Federal Law.  The only method of service attempted by Plaintiff was service by mail . . . .   Besides this proof of service by mail, Defendant is unaware that Plaintiff made any other attempts to serve Defendant with the requisite documents. . . .  Because Plaintiff only served Defendant via mail, service of process was not sufficient under both California law and federal law." Id.

*Plaintiff's Opposition*

With respect to Faisal, Gilbert argues that Faisal was properly served with process through Fed. R. Civ. P. 4(e)(1) and Cal. Code of Civ. P. § 415.20(b) when process was left at his place of business (the Global Smoke Shop) with someone who was apparently in charge.  Faisal acknowledges receipt of the documents left at the business, but does not explain how service was improper.  Moreover, Faisal made a general appearance in this case on December 5, 2022 by signing the Addendum to Kumar's answer.  The general appearance waived the defense of improper service.

With respect to Kumar, she was properly served with prior complaints.  The TAC was mailed to her, which was proper under Federal Rule of Civil Procedure P. 5(b)(2)(C).  Further, Kumar has filed many responsive pleadings in this case and thus, has waived her ability to challenge service of process.

With respect to Abdulqawi, he was served with process when process was left with his wife at his home.  This was proper under Federal Rule Civil Procedure 4(e)(2)(B).  Abdulqawi does not explain how service of process was improper, nor does he contend that he did not actually receive the TAC.  Moreover, Abdulqawi made a general appearance in this case on December 5, 2022 by signing the Addendum to Kumar's answer.  The general appearance waived the defense of improper service.

*Discussion*

1.    Abdulqawi

Here, neither dismissing the TAC nor quashing service is appropriate.  First, Abdulqawi's motion is unclear and does not specifically point out a material defect that would warrant quashing service.  See O'Brien, 998 F.2d at 1400; Photolab, 806 F.2d at 810.  Therefore, Abdulqawi has

1  not adequately challenged the sufficiency of service of process.  <u>See</u> <u>Koulkina</u>, 559 F.Supp.2d at

2  312.

3         Second, the "summons returned executed" document demonstrates appropriate service

4  under Federal Rule of Civil Procedure 4(e)(2)(B).  <u>See</u> Doc. No. 105.  Rule 4(e)(2)(B) provides:

5  "an individual . . . may be served in a judicial district of the United States by . . . leaving a copy of

6  each at the individual's dwelling or usual place of abode with someone of suitable age and

7  discretion who resides there."   Fed. R. Civ. P. 4(e)(2)(B); <u>Craigslist, Inc. v. Hubert</u>, 278 F.R.D.

8  510, 515 (N.D. Cal. 2011); <u>see also</u> <u>Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang</u>, 105

9  F.3d 521, 524 (9th Cir. 1997).  The return of summons shows that process was left at Abdulqawi's

10  home with an adult who appears to be Abdulqawi's wife.  <u>See</u> <u>id.</u>  Since there is no indication that

11  Abdulqawi did not live at the address or that his wife is not of a "suitable age and discretion," this

12  information is sufficient to meet the requirements of Rule 4(e)(2)(B).

13         For these reasons, Abdulqawi's Rule 12(b)(5) motion will be denied.

14         2.     <u>Faisal</u>

15         Neither dismissing the TAC nor quashing service is appropriate.  Faisal acknowledges

16  receiving the summons and TAC, which is consistent with the "summons returned executed"

17  document.  <u>See</u> Doc. No. 104.  Faisal contends that he was somehow improperly served, but does

18  not provide any further explanation.  That is, Faisal's motion does not specifically point out a

19  material defect that shows service was improper and that would warrant quashing service.  <u>See</u>

20  <u>O'Brien</u>, 998 F.2d at 1400; <u>Photolab</u>, 806 F.2d at 810.  Because Faisal's motion is too vague, it

21  does not adequately challenge compliance and shift the burden to Gilbert.  <u>See</u> <u>Koulkina</u>, 559

22  F.Supp.2d at 312.  Therefore, Faisal's motion will be denied.

23         3.     <u>Kumar</u>

24         Neither dismissing the TAC nor quashing service is appropriate.  First, Kumar's motion is

25  unclear and does not specifically point out a material defect that would warrant quashing service.

26  <u>See</u> <u>O'Brien</u>, 998 F.2d at 1400; <u>Photolab</u>, 806 F.2d at 810.  Therefore, Kumar has not adequately

27  challenged the sufficiency of service of process.  <u>See</u> <u>Koulkina</u>, 559 F.Supp.2d at 312.

28         Second, Kumar appears to argue in part that service was ineffective because she did not

actually receive the summons or the TAC.  However, Kumar has already appeared in this case by filing an answer to the original complaint.  <u>See</u> Doc. No. 13.  The answer did not indicate that service of process was somehow defective.  <u>See id.</u>  Because Kumar answered the original complaint and did not raise any service related infirmities, the Court detects no reason why Kumar could not be served with any amended complaint (including the TAC) through Federal Rule of Civil Procedure 5.  Under Rule 5, an amended complaint generally must be served on every party.  <u>See</u> Fed. R. Civ. P. 5(a)(1)(B); <u>Campbell v. Bennett</u>, 47 F.4t h 1362, 1365 (11th Cir. 2022); <u>Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgmt.</u>, 644 F.3d 5, 9 (1st Cir. 2011).  Rule 5 provides several methods of service of an amended complaint, including by "mailing it to the person's last known address – in which event service is complete upon mailing."  Fed. R. Civ. P. 5(b)(2)(C); <u>see also</u> <u>Southern Cal. Darts Ass'n v. Zaffina</u>, 762 F.3d 921, 928 (9th Cir. 2014).  Kumar does not allege that the TAC was not mailed to her current or last disclosed address, nor does she dispute that Gilbert actually mailed the TAC to her.  By Rule 5(b)(2)(C)'s plain language, service is effective upon filing.  Therefore, that Kumar may not have actually received the TAC through the mail does not affect the validity of service.[3]  <u>See</u> <u>Southern Cal. Darts</u>, 762 F.3d at 928.

For these reasons, Kumar's Rule 12(b)(5) motion will be denied.

## <u>ORDER TO SHOW CAUSE</u>

Gilbert is seeking to recover under the Unruh Act for disability related discrimination.  Recently, the Ninth Circuit has upheld a district court's invocation of 28 U.S.C. § 1367(c)(4) to decline to exercise supplemental jurisdiction over accessibility related Unruh Act claims.  <u>See</u> <u>Vo v. Choi</u>, 49 F.4t h 1167, 1174 (9th Cir. 2022).  Specifically, the additional filing and heightened pleading requirements that California has imposed on high frequency litigators of accessibility related Unruh Act claims justified the declination of supplemental jurisdiction.[4]  <u>See id.</u> at 1172-

---

[3] The fact that Kumar has filed an answer indicates that she has the TAC.  Out of an abundance of caution, and because Kumar is proceeding pro se, the Court will order the Clerk to send Kumar a copy of the TAC.

[4] The Court notes that Plaintiff in other cases has admitted that he is a "high frequency litigator" who would otherwise be required to comply with the heightened filing and pleading requirements if he pursued an Unruh Act claim in state court.  <u>See</u> <u>Gilbert v. Bonfare Markets, Inc.</u>, 2023 U.S. Dist. LEXIS 20861, *5-*6 (E.D. Cal. Feb. 7, 2023).

74; see also Arroyo v. Rosas, 19 F.4th 1202, 1207, 1211-14 (describing the pleading and filing requirements for high frequency litigators of construction-related accessibility claims and finding that the policy considerations embodied by these requirements were "exceptional circumstances" for purposes of 28 U.S.C. § 1367(c)(4)).  These additional pleading and filing requirements apply to Gilbert's claims under the Health & Safety Code as well.  See Gilbert v. Singh, 2023 U.S. Dist. LEXIS 36336, *4-*5 (E.D. Cal. Feb. 27, 2023).  In light of Vo, the Court finds that it is appropriate for Plaintiff to show cause in writing why this Court should continue to exercise supplemental jurisdiction over his Unruh Act and Health & Safety Act claims.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.     Defendants Abdulqawi, Faisal, and Kumar's respective Rule 12(b)(5) motions to dismiss or quash (Doc. Nos. 106, 107, 108) are DENIED;

2.     Within seven (7) days of services of this order, Plaintiff shall show cause in writing why this Court should continue to exercise supplemental jurisdiction over his state law claims in light of Vo and Arroyo;

3.     The failure to timely file a response to this order to show cause will be deemed a non-opposition to the Court declining to exercise supplemental jurisdiction over Plaintiff's state law claims; and

4.     The Clerk shall send a copy of the Third Amended Complaint (Doc. No. 98) to Defendant Amar Kumar.

IT IS SO ORDERED.

Dated:   April 11, 2023                          _____

                                                 SENIOR  DISTRICT  JUDGE