UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>DOCTOR'S CHOICE MODESTO LLC, et al.,<br><br>　　　　Defendants | CASE NO. 1:21-CV-0690 AWI BAM<br><br>ORDER DECLINING SUPPLEMENTAL JURISDICTION<br><br>(Doc. Nos. 118) |

　　　　This is a disabilities discrimination lawsuit brought by Plaintiff Darren Gilbert ("Gilbert") against *inter alia* Defendants Amar Kumar ("Kumar"), Shaibi Abdulqawi d/b/a J's Smoke Shop #9 ("Abdulqawi"), and Arif Faisal d/b/a Global Smoke Shop ("Faisal") (collectively "Defendants"). Defendants are pro se. The active complaint is the Third Amended Complaint ("TAC"), which alleges violations of the Americans with Disabilities Act (42 U.S.C. § 1200 et. seq.) ("ADA"), the California Unruh Act (Cal. Civ. Code § 51), and California Health & Safety Code § 19955. On April 11, 2023, the Court issued an order to show cause why the Court should not decline to exercise supplemental jurisdiction over Gilbert's two state law causes of action pursuant to 28 U.S.C. § 1367(c)(4) and *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022). See Doc. No. 118. The Court warned Gilbert that the failure to timely file a response to the order to show cause would be construed as a non-opposition to the Court declining to exercise supplemental jurisdiction over his state law claims. The time for responding has now passed, and Gilbert filed no response of any kind.

1    Among other reasons, a district court may decline to exercise supplemental jurisdiction over
2 state law claims "in exceptional circumstances, there are other compelling reasons for declining
3 jurisdiction." 28 U.S.C. § 1367(c)(4). a court deciding whether to apply § 1367(c)(4) must make
4 "a two-part inquiry." Arroyo v. Rosas, 19 F.4th 1202, 1210 (9th Cir. 2021). "First, the district court
5 must articulate why the circumstances of the case are exceptional within the meaning of §
6 1367(c)(4)." Id. (citations and internal quotation marks omitted). "Second, in determining whether
7 there are compelling reasons for declining jurisdiction in a given case, the court should consider
8 what best serves the principles of economy, convenience, fairness, and comity which underlie the
9 pendent jurisdiction doctrine articulated in [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715
10 (1966)]." Id. (citations and internal quotation marks omitted).

11    Here, with respect to the first prong, California has enacted various requirements that apply
12 to high frequency litigators who bring construction-related accessibility claims. See Cal. Code Civ.
13 P. § 450.5; Cal. Gov't Code § 70616.5(b); see also Vo, 49 F.4th at 1169-70. If the Court were to
14 exercise jurisdiction over Gilbert's Unruh Act and Health & Safety Code claims, Plaintiff would be
15 permitted to avoid these requirements. See Vo, 49 F.4th at 1170; Arroyo, 19 F.4th at 1213; see also
16 Vo, 49 F.4th at 1172. Such avoidance would not be fair to the Defendants or to the public and would
17 be an affront to comity between federal and state courts. Vo, 49 F.4th at 1172; see Arroyo, 19 F.4th
18 at 1172. Because of the "unique configuration of laws" regarding construction-related accessibility
19 claims, there is "little doubt that the first prong [under § 1367(c)(4)] is satisfied here." Id.; Arroyo,
20 19 F.4t h at 1212-13; see also Garcia v. Maciel, 2022 WL 395316, at *2 (N.D. Cal. Feb. 9, 2022)
21 (collecting cases).

22    With respect to the second prong, the Court considers the *Gibbs* values of economy,
23 convenience, fairness, and comity. Vo, 49 F.4th at 1171. This case remains at a relatively early
24 stage of litigation. The TAC was filed in November 2022 and included new claims. With the
25 filing of the TAC, new parties have appeared, which will necessitate new discovery and a
26 modified scheduling order. No motions for summary judgment have been filed and no motions
27 for default judgment have been granted or recommended to be granted. Further, as noted above,
28 there is nothing unfair about requiring a high frequency building/construction accessibility

2

litigator to follow the particular state procedural rules for these state claims. Given the rationale that California utilized to implement these procedural rules, it furthers comity to decline supplemental jurisdiction. Finally, Gilbert's non-response constitutes a non-opposition. Therefore, the second prong is met.

Because the relevant consideration are all satisfied, the Court will decline to exercise supplemental jurisdiction over Gilbert's state law claims pursuant to § 1367(c)(4) and *Vo*.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 1367(c)(4), the Court DECLINES to exercise supplemental jurisdiction over Plaintiff's California Civil Code and California Health & Safety Code claims, and those claims are DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: __April 21, 2023__          _____
                                    SENIOR DISTRICT JUDGE