# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>DOCTOR'S CHOICE MODESTO LLC, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00690-JLT-SAB<br><br>ORDER DENYING REQUEST FOR REFERRAL TO VOLUNTARY DISPUTE RESOLUTION PROGRAM AND REQUIRING PARTIES TO SUBMIT JOINT SCHEDULING REPORT WITHIN TWENTY-ONE DAYS<br><br>(ECF No. 122) |

        On May 3, 2023, Plaintiff filed a request to stay this action and refer the action to the Court's Voluntary Dispute Resolution Program ("VDRP").  (ECF No. 122.)  Apparently recognizing the lack of agreement, the filing also indicates that "Plaintiff proposes that the Court order the parties' attendance at a status conference to discuss referral to VDRP and whether additional discovery is required." (ECF No. 122 at 3.)

        The Court recognizes the current procedural status of the action as described in the filing, that has prompted Plaintiff to file this request, including that: on April 11, 2023, the then assigned District Judge denied Defendants' motion to dismiss the third amended complaint; that on April 21, 2023, the then assigned District Judge issued an order declining to exercise supplemental jurisdiction over Plaintiff's state law claims; and that this action was reassigned to District Judge Jennifer L. Thurston on May 3, 2023.  (ECF Nos. 118, 119, 121.)

        The Court also recognizes that the Local Rules of the Eastern District of California allow

for any party to refer the action to VDRP. See L.R. 271(b)(4) ("Notwithstanding any other provision of this Rule, parties, individually or in any combination, including parties to a counterclaim, cross-action, or third-party action, may ask the assigned Judge or Magistrate Judge, at any stage in the proceedings, to refer the action, in whole or in part, to the VDRP.").

However, the next sentence reads "[t]he Court may enter an order of reference only if all parties voluntarily agree to the proposed reference." Id.; see also L.R. 271(c)(3) ("Parties may request referral to the VDRP by filing a Stipulation and Order reflecting the agreement of all parties to submit the action to the VDRP pursuant to this Rule."); L.R. 271(c)(2) ("As part of the status or scheduling conference or otherwise, the assigned Judge or Magistrate Judge may inform the parties of the availability of the VDRP. See L.R. 240(a)(17). In general, actions may not be assigned to the VDRP over the objection of a party. Nevertheless, when a complex action including counterclaims, cross-actions or third- party actions are pending, the Court may assign discrete sub-parts of the complex action to the VDRP if all parties to the sub-part agree to reference to the VDRP and the party objecting to the VDRP is not a party to the sub-part of the complaint, counterclaim, cross-action, or third-party action to be assigned to the VDRP."); L.R. 240(a)(17) ("After an action has been filed, the assigned Judge or Magistrate Judge shall order the holding of one or more status conferences for the purpose of entering a pretrial scheduling order, and further status conferences may be held at any time thereafter, with or without the request of any party . . . shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed. Such subjects may include: . . . (17) the appropriateness of alternate dispute resolution, such as this District's Voluntary Dispute Resolution Program (VDRP), or any other alternative dispute resolution procedure.").

Given the Local Rules, the Court shall deny the Plaintiff's request to stay this action and refer it to VDRP, because the parties have not stipulated in agreement to VDRP. See L.R. 271(b)(4)-(c)(3). The Court however, encourages the parties to meet and confer in order to potentially stipulate to VDRP, or stipulate to the holding of a status conference to discuss VDRP or the holding of a settlement conference in this matter generally. L.R. 240(a)(17).

In lieu of staying the action or referring this matter to VDRP without a stipulated

agreement, the Court instead finds the more appropriate action to be to order the parties to meet and confer and to submit a joint scheduling report to allow for the Court to issue a modified scheduling order in this action given the entrance of new parties.  As indicated in the most recent order from the District Judge in this case issued on April 21, 2023, "[w]ith the filing of the TAC, new parties have appeared, which will necessitate new discovery and a modified scheduling order."  (ECF No. 119 at 2.)

Recognizing the *pro se* status of some Defendants and the proffered difficulty in communicating amongst all parties, to the extent the Plaintiff is unable to coordinate the drafting of a joint scheduling report with input from all parties despite good faith efforts, Plaintiff may submit a scheduling report containing input only from those parties that cooperate in good faith in a timely fashion.  In such case, Plaintiff, as the party prosecuting this action, shall specify the attempts Plaintiff made at obtaining coordination amongst the parties.  Upon submission of the joint scheduling report, the Court will make a determination whether a scheduling conference or status conference is necessary, or issue a modified scheduling order without the holding of a conference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay this action and refer the matter to VDRP (ECF No. 122) is DENIED without prejudice to submission of a stipulated agreement;
2. The parties shall submit a joint scheduling report within twenty-one (21) days of entry of this order; and
3. The failure to comply with this order will result in the imposition of sanctions, including up to recommendation of dismissal of this action.

IT IS SO ORDERED.

Dated:  **May 4, 2023**

UNITED STATES MAGISTRATE JUDGE

3